### COPELAND v. DUNN.

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

WORK AND LABOR (§ 7*)—RIGHT TO COMPENSATION.

    A woman obliged to work for a living, never making her home with her sister-in-law except on request, was entitled as against her sister-in-law's estate to compensation for services in keeping house, nursing, and caring for the sister-in-law and her mother, a bedridden old lady, at different times during several years; it appearing that it was the sister-in-law's intention to compensate her for her services.

    [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 11½–22; Dec. Dig. § 7.*]

Appeal from Judgment on Report of Referee.

Action by Eliza Copeland, as administratrix of Cynthia J. Dunn, deceased, against Arthur T. Dunn, as sole administrator of Sarah J. Newton, deceased.   From a judgment for plaintiff entered upon the report of a referee, defendant appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Dickinson & Duffey, of Cortland (Edwin Duffey, of Cortland, of counsel), for appellant.

Thomas E. Courtney and James F. Dougherty, both of Cortland, for respondent.

WOODWARD, J.   Sarah J. Newton died intestate on the 6th day of September, 1910, leaving as her only heirs at law and next of kin two brothers, John Dunn, who resides in Canada, and William Dunn, of Cortland.   Arthur T. Dunn, administrator, is a son of William Dunn.   On the last day in the afternoon of the time fixed by the notice to creditors for the presentation of accounts, the plaintiff's intestate, Cynthia J. Dunn, presented a claim for $2,500 against the estate of Sarah J. Newton for services alleged to have been rendered during a period from September, 1904, to July 28, 1910, in keeping house, nursing, and caring for the intestate and her mother.   These

alleged services do not appear to have been continuous; indeed, it is not claimed that they were. But Mrs. Dunn appears to have responded to every call made upon her by Mrs. Newton, and there is evidence from which it may be found that there was an intention on the part of Mrs. Newton to compensate Mrs. Dunn for these services. Mrs. Dunn was the widow of a brother of Mrs. Newton, and the brother died before any of the services were rendered. Mrs. Dunn appears to have been obliged to work for a living, appears to have been employed at various places, never making her home with Mrs. Newton except when she was there at the request of the latter and aiding in the care of Mrs. Newton's mother, a bedridden old lady requiring great care, and, while the evidence is not entirely satisfactory, the case appears to have been intelligently tried, before a referee of discriminating judgment, and under all the circumstances we are persuaded that the ends of justice will be best served by affirming the judgment.

The judgment appealed from should be affirmed, with costs. All concur.